## Joseph Hanreddy v. Joseph Palilinnas.

### Gen. No. 13,755.

1. ASSUMED RISK—*when question of, for jury.* It is a question for the jury to determine whether a servant has assumed the risk of an injury resulting from a descending elevator, where it may be determined from the evidence that such servant may have known and appreciated the danger which resulted in his injury.

2. VARIANCE—*when question of, not presented for review.* Whether the injury, made the basis of the recovery, is shown to have been caused by a different act of negligence from that stated in the bill of particulars, is not preserved for review, in the absence of an objection to evidence or motion based on the ground of a material variance.

3. INSTRUCTION—*upon what must be predicated.* Instructions are properly refused which are not based upon some evidence in the cause.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed March 6, 1908.

R. J. FOLONIE and GEORGE PFIRSHING, for plaintiff in error.

ISAIAH CAMPBELL and AARON HEIMS, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The defendant in error recovered judgment against plain-

tiff in error in the court below for two hundred and fifty dollars for injuries claimed to have been caused by negligent operation of an elevator, in letting it down violently on defendant in error.

The evidence in the record tends to show that defendant in error was employed by plaintiff in error as a laborer in a tunnel at 103rd street, Chicago. He had been employed about three weeks in this tunnel which was about one hundred feet below the surface of the earth. There was only one way of ingress and egress to and from the tunnel, namely: By an elevator running in a shaft. The tunnel is what is known as a ten foot bore. The elevator cage is about six feet wide on the inside, and about eight feet long. The longest dimension of the cage when in the tunnel extended lengthwise along the tunnel and at one side of it, thus leaving a passageway alongside of the cage and the pit into which the bottom of the cage dropped. This pit was about a foot deep and was not enclosed by any guard or rail.

When the defendant in error went to work on the afternoon of the day he was injured, he was told by the foreman of plaintiff in error to go to the south end of the tunnel and get his shovel, and then go to work at the north end of the tunnel. He procured his shovel, and while going to the north end of the tunnel for the purpose of going to work, fell into the pit at the bottom of the elevator shaft. As he fell the elevator cage descended and struck him on the head and injured him.

There is a controversy in the evidence as to whether there was any light at the elevator shaft at the time of the injury. Defendant in error testified that there were no lights at the elevator shaft, and it was so dark that in looking down one could not see the ground under his feet; that there were some tallow candles about fifty feet from the shaft.

Ellinger, general foreman of plaintiff in error, testified that lights were burning at the bottom of the shaft at the time of the accident, but he states he was not in the tunnel at the time; he was there five minutes before and fifteen

minutes after that time, and the candles were burning then.

Kennaugh, a foreman of plaintiff in error, testified that at the time of the injury there was light in the tunnel from natural sources above and that it was lighter at the shaft than at other points in the tunnel, and that there was a box of candles there for use.

Golah testified that he had stated to the defendant in error that it was dangerous to walk under the cage and across the pit, and that he should walk around the side.

This is in substance the evidence in the case. Upon careful consideration of all the material facts shown, we think it was for the jury to determine whether or not the defendant in error assumed the risk or danger from which he suffered the injuries. Without doubt he knew of the danger of getting under the elevator cage when it was descending, and the jury might so find, and at the same time conclude from the evidence that defendant in error did not know and could not see the elevator pit when he came to it, because of the darkness. The testimony of defendant in error is the only positive and direct evidence in the case on that point. In the darkness he saw a light, and thought the elevator was further north, and as he got near the light he fell into the pit. The jury might reasonably infer that on account of the darkness he was unable to determine the exact location of the pit. We cannot hold under the facts and circumstances shown by the record that defendant in error assumed the risk, or that he was guilty of contributory negligence. These are questions of fact to be determined by the jury.

The question whether the injury is shown to have been caused by a different act of negligence from that stated in the bill of particulars is not properly preserved in the record. The record does not show any objection to evidence or motion based on the ground of a material variance. Libby, McNeil & Libby v. Scherman, 146 Ill., 540.

The instructions refused by the court were sufficiently covered by the charge of the court, so far as they were based on the evidence. There was no evidence of extraor-

dinary or unusual risks or dangers of which defendant in error had knowledge, or which he could have known by the exercise of ordinary care for his own safety, and hence instruction No. 7 requested by plaintiff in error was properly refused.

The judgment is affirmed.

*Affirmed.*